Lan v. Holderr

BIA
A077 308 711

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of July, two thousand thirteen.

PRESENT:
>       JON O. NEWMAN,
>       PIERRE N. LEVAL,
>       JOSÉ A. CABRANES,
>           *Circuit Judges.*

_____

PING PENG LAN,
>       *Petitioner,*

v.                                          12-685
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Norman Kwai Wing Wong, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Emily Anne
                         Radford, Assistant Director; Erica
                         B. Miles, Senior Litigation Counsel,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ping Peng Lan, a native and citizen of the People's Republic of China, seeks review of the February 2, 2012, decision of the BIA denying his motion to reopen. *In re Ping Peng Lan*, No. A077 308 711 (B.I.A. Feb. 2, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The BIA's denial of Lan's motion to reopen as untimely and number-barred was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lan's 2011 motion was untimely and number-barred, as it was his second motion to reopen, and the final administrative decision was issued in 2003. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations do not apply to a

motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). Here, there is no error in the BIA's conclusion that Lan failed to demonstrate materially changed country conditions in China that would excuse the untimely filing of his motion to reopen.

As the BIA noted, Lan's conversion to Christianity in the United States in 2011, well after he was ordered removed, reflects a self-induced change in personal circumstances, and therefore does not exempt his motion from the applicable bars. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155-56 (2d Cir. 2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (making clear that the time and numerical limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States").

3

Moreover, substantial evidence supports the BIA's determination that Lan failed to demonstrate changed country conditions in China. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (when the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard); *see also Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). As the BIA determined, the country conditions evidence that Lan submitted shows, for the most part, a continuation of the Chinese government's treatment of Christians, rather than any material change; indicates that treatment of Christians varies from region to region; and does not show many instances of persecution in Lan's home province of Fujian. As a result, because Lan did not demonstrate a change in conditions with regard to the treatment of Christians in Fujian between the time of his merits hearing and when he

4

submitted his motion, the BIA did not abuse its discretion in denying his untimely motion to reopen.  *Cf*. *Jian Hui Shao*, 546 F.3d at 142, 149 (finding no error in the BIA's evidentiary framework requiring an applicant to demonstrate that enforcement of the family planning policy is carried out in his local area in a manner that would give rise to a well-founded fear of persecution because of local variations in the enforcement of that policy).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5